IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aubrey B. Willacy | ) | CASE NO. |
| 70 Spyglass Way | ) | |
| Palm Beach Gardens, Florida  33418, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE: |
| -vs- | ) | |
| | ) | |
| Thomas P. Marotta | ) | |
| 3922 Tyndall Road | ) | COMPLAINT |
| University Heights, Ohio  44118, | ) | |
| | ) | |
| Timothy A. Marcovy | ) | JURY DEMAND ENDORSED |
| 218 Teal Trail | ) | HEREON |
| Mayfield Heights, Ohio  44124, | ) | |
| | ) | |
| Salvatore J. LoPresti | ) | |
| 330 Western Reserve Building | ) | |
| 1468 West Ninth Street | ) | |
| Cleveland, Ohio  44113 | ) | |
| | ) | |
| LoPresti, Marcovy & Marotta, LLP | ) | |
| 330 Western Reserve Building | ) | |
| 1468 West Ninth Street | ) | |
| Cleveland, Ohio  44113 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Willacy, LoPresti & Marcovy | ) | |
| 330 Western Reserve Building | ) | |
| 1468 West Ninth Street | ) | |
| Cleveland, Ohio  44113, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Aubrey B. Willacy, and for his claims against the defendants herein states as follows:

<u>I.  Parties, Jurisdiction, and Venue</u>

1.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

2.  Venue of this action in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff is a citizen of the State of Florida.

4.  Defendants Thomas P. Moratta, Timothy A. Marcovy, and Salvatore J. LoPresti are citizens of the State of Ohio and reside in Cuyahoga County, Ohio.

5.  Defendant Willacy, LoPresti & Marcovy is a partnership formed under Ohio law and having its principal place of business in Cleveland, Ohio.

6.  Defendant LoPresti, Marcovy, and Marotta, LLP, is a limited liability partnership formed under Ohio law and having its principal place of business in Cleveland, Ohio.

7.  Plaintiff brings this action to enforce his rights under Chapter 1776, Ohio Revised Code, as R.C. §1776.45(B) authorizes; to obtain such relief as R.C. §1776.54(I) authorizes and allows; and to obtain all such other and further relief, whether at common law or by statute, as to this court may appear equitable and just.

<u>II.  Preliminary Allegations</u>

8.  On and before October 15, 1979, plaintiff was a member of the Ohio Bar, duly licensed to practice said profession by the Supreme Court of that state.

- 2 -

9.   On and before October 15, 1979, defendant Salvatore J. LoPresti (hereinafter, "defendant LoPresti") was a member of the Ohio Bar, duly licensed to practice said profession by the Supreme Court of that state.

10.  On October 15, 1979, plaintiff and defendant LoPresti entered into an agreement to carry on the business of the practice of law as co-owners and partners.  A true copy of that agreement is hereto annexed as Exhibit "A."

11.  The partnership thus formed was known as "Willacy & LoPresti."

12.  Pursuant to numbered paragraph 4 of their aforesaid agreement, each member of that partnership had a "capital account."

13.  Pursuant to numbered paragraph 6 of their aforesaid agreement, each member of that partnership had a "drawing account."

14.   On and before January 1, 1984, defendant Timothy A. Marcovy  (hereinafter, "defendant Marcovy") was a member of the Ohio Bar, duly licensed to practice said profession by the Supreme Court of that state.

15.   In or about 1984, plaintiff and defendant LoPresti offered defendant Marcovy an opportunity to purchase a fractional interest in their aforesaid partnership.

16.  Defendant Marcovy accepted said offer, whereupon the name of the partnership was changed to, "Willacy, LoPresti & Marcovy."

17.  Defendant Marcovy thereafter failed to pay plaintiff and defendant LoPresti the amounts of money upon which they had agreed as a condition of his being admitted to the aforesaid partnership.

- 3 -

18.  On and before July 3, 2007, defendant Thomas P. Moratta (hereinafter, "defendant Marotta") was a member of the Ohio Bar, duly licensed to practice said profession by the Supreme Court of that state.

19.  During the period July 3, 2007, to September 4, 2007, plaintiff and defendants LoPresti, Marcovy, and Moratta negotiated regarding the terms and conditions set forth in a proposed amendment to the then-existing partnership agreement whereby defendant Marcovy would be afforded a second opportunity to purchase a fractional interest in their aforesaid partnership and, simultaneously, defendant Marotta would be offered an opportunity to purchase a fractional interest in that partnership.

20.  During the course of said negotiations – to wit, on or about August 30, 2007 – plaintiff gave defendants LoPresti, Marcovy, and Moratta written notice of his election to enter into transitional retirement status as of January 1, 2008.

21.  Thereafter, on September 4, 2007, plaintiff and defendant LoPresti extended offers to defendants Marcovy and Marotta regarding the terms and conditions of a proposed amendment to the then-existing partnership agreement whereby defendant Marcovy would be afforded a second opportunity to purchase a fractional interest in their aforesaid partnership and, simultaneously, defendant Marotta would be offered an opportunity to purchase a fractional interest in that partnership.

22.  The purposes of plaintiff's and defendant LoPresti's extending those offers to defendants Marcovy and Marotta were "to provide for the retirement of partners"; "to provide a mechanism for transferring the partnership interests of Retiring Partners to non-retiring

- 4 -

partners"; and to provide a mechanism "for compensating Retiring Partners for such transferred interests."

23.  On September 4, 2007, defendants Marcovy and Marotta accepted such offers and executed said Exhibit "B."  A copy of that proposed amendment is hereto annexed as Exhibit "B."

24.  By accepting said offers, defendants Marcovy and Marotta became the sole obligors upon the terms and conditions set forth in Exhibit "B" insofar as the making of return of capital payments to retiring partners over a ten-year period was concerned.

25.  By all parties' concurrence upon the further terms and conditions set forth in Exhibit "B" regarding "Additional Compensation" and "draws," defendant Willacy, LoPresti & Marcovy remained the sole obligor insofar as the making of payments of "Additional Compensation" and draws were concerned.

26.  On September 4, 2007, the stipulated valuation of the firm's capital was "One Million, Two Hundred Fifty Thousand Dollars ($1,250,000.00)" and the value of plaintiff's share of the firm's capital was "fifty-two percent" of that $1,250,000.00 amount – *viz.*, Six Hundred Fifty Thousand Dollars ($650,000.00).

27.  On January 1, 2008, plaintiff entered into the "Transitional Retirement" status described in Exhibit "B."

28.  Thereafter, on October 13, 2009, the parties agreed upon a further amendment to the aforesaid Partnership Agreement; a copy whereof is hereto annexed as Exhibit "C."

- 5 -

29.  Thereafter, on October 26, 2010, the parties agreed upon yet a further amendment to the aforesaid Partnership Agreement; a copy whereof is hereto annexed as Exhibit "D."

30.  Pursuant to that October 26, 2010, amendment, while defendants Marcovy and Moratta remained obligated to continue to make return of capital payments, defendant Willacy, LoPresti & Marcovy was made additionally liable to retiring partners therefor, in that:

(i) in lieu of receiving "Additional Compensation" from Willacy, LoPresti & Marcovy, a retiring partner thereby became entitled to receive, "an amount equal to one-half of the draw received by the non-retiring partners, to be paid at the same time and in the same manner as such draws are paid to the non-retiring partners"; and

(ii) "all amounts in excess of the Additional Compensation due to the retiring partner [were] first [to] be credited to return of capital for the retiring partner's interest in the partnership" and such amounts were to "be credited to repayment of the promissory notes signed by Timothy A. Marcovy and Thomas P. Marotta[.]"

31.  Between September 4, 2007, and November 7, 2013, defendants Marcovy, Moratta, and Willacy, LoPresti & Marcovy, made payments aggregating One Hundred Twenty-Four Thousand, Eight Hundred and Ninety Dollars ($124,890.00) against the Six Hundred Fifty Thousand Dollars ($650,000.00) which they owed to plaintiff as and for the return of his capital in Willacy, LoPresti & Marcovy; thereby leaving a balance of Five Hundred Twenty-Five Thousand, One Hundred and Ten Dollars ($525,110.00) still due and owed to plaintiff.

32.  Under numbered paragraphs 7 and 12 of the parties' October 15, 1979, partnership agreement, plaintiff was entitled to an equal voice in "the conduct of partnership affiars" [*sic*.,

"affairs"] and had the further right to preclude the partnership's undertaking of various types of proposed business and financial transactions simply by refusing to consent thereto

33.   Between January 1, 2010, and July 31, 2014, defendants LoPresti, Marcovy, and Moratta repeatedly failed and refused to afford plaintiff his right under R.C. §1776.41(F) to participate in the management and conduct of the partnership business and his further right under R.C. §1776.43(C)(1) to be timely apprised, without demand, of information concerning Willacy, LoPresti & Marcovy's business and affairs reasonably required for the proper exercise of plaintiff's rights and duties under the partnership agreement and under Revised Code Chapter 1776.

34.   Defendants LoPresti, Marcovy, and Moratta's repeated failures and refusals to afford plaintiff his rights to be timely apprised of information concerning Willacy, LoPresti & Marcovy's business and affairs and to participate in the management and conduct of the partnership business constituted breaches of the duties which said defendants owed to plaintiff under R.C. §1776.44(D).

35.   As a result of defendants LoPresti, Marcovy, and Moratta's repeated failures and refusals to afford plaintiff his rights to be timely apprised of information concerning Willacy, LoPresti & Marcovy's business and affairs and to participate in the management and conduct of the partnership business, defendants LoPresti, Marcovy, and Moratta engaged Willacy, LoPresti & Marcovy in several business practices and arrangements and financial transactions which were not in that firm's best interests.

Count I

36.  Plaintiff here incorporates by this reference, as fully as if the same were here rewritten at length, all of the allegations and averments set forth in numbered paragraphs 1 through 35 of his within complaint.

37.  After November 7, 2013, defendants Marcovy, Moratta, and LoPresti continued to make draw payments to themselves, but secretly decided to make no further payments to plaintiff upon the amount which remained due and owing to him.

38.  On or about December 10, 2013, plaintiff telephoned defendant Marcovy and asked said defendant why he (plaintiff) had not received any further "half-draw" payments during the next-preceding four week period.

39.  In response to plaintiff's said inquiry, defendant Marcovy advised plaintiff that he had not received any half-draw payments because, due to insufficient funds, no draw payments could be made to any of the partners.

40.  On May 23, 2014, plaintiff wrote to defendants Marcovy, LoPresti, and Moratta; observing that it was unlikely that they had not received any draw payments over the next-preceding six months and asking that plaintiff's draw account be brought current within the next thirty days.

41.  Defendants Marcovy, LoPresti, and Moratta, while continuing to cause defendant Willacy, LoPresti & Marcovy to pay themselves additional monies as "draws" failed and refused to cause defendant Willacy, LoPresti & Marcovy to pay the contractually required half-draw amounts to plaintiff; thereby causing defendant Willacy, LoPresti & Marcovy to breach its

contractual commitment to pay plaintiff "an amount equal to one-half of the draw received by the non-retiring partners, to be paid at the same time and in the same manner as such draws are paid to the non-retiring partners."

42.    The aggregate amount received by each of the individual defendants – *i.e.*, defendants LoPresti, Marcovy, and Marotta – during the period November 7, 2013 through July 1, 2014, was approximately Thirty-Nine Thousand Three Hundred Dollars ($39,300.00).

43.  By reason of the aforesaid facts, plaintiff has been injured, damaged, and harmed in the amount of approximately Nineteen Thousand, Six Hundred Fifty Dollars ($19,650.00); the amount whereof continues to increase as defendants Marcovy, LoPresti, and Moratta continue to collect draw payments.

<u>Count II</u>

44.    Plaintiff here incorporates by this reference, as fully as if the same were here rewritten at length, all of the allegations and averments set forth in numbered paragraphs 1 through 43 of his within complaint.

45.    Defendants Marcovy, LoPresti, and Moratta put such half-draw monies as they caused defendant Willacy, LoPresti & Marcovy to withhold from plaintiff to one or more uses of their own choosing.

46.  By so doing, defendants Marcovy, LoPresti, and Moratta converted such sums as were due and owed to plaintiff; all to plaintiff's injury, damage, and harm in the amount of approximately Nineteen Thousand, Six Hundred Fifty Dollars ($16,650.00); the amount whereof

continues to increase as defendants Marcovy, LoPresti, and Moratta continue to collect draw payments.

Count III

47.   Plaintiff here incorporates by this reference, as fully as if the same were here rewritten at length, all of the allegations and averments set forth in numbered paragraphs 1 through 46 of his within complaint.

48.  On June 16, 2014, defendant Marcovy wrote to plaintiff, stating, in pertinent part:

> As Tom and I informed you, the extreme swings in cash flow (for example, In January and February of 2014, our total receipts did not exceed $ 21,494 and $23,544, respectively), which were also experienced last year at times (although not as severely as in 2014) necessitate obtaining a line of credit from a bank.  We have been informed that, unless all the partners provide a personal guarantee, such a line of credit will not be forthcoming.  We did not believe that you would be willing to offer such a guarantee.  We are requesting a buy-out number from you by the close of business (EDT) this Friday, June 20, 2014.  We will then consider it and provide a response within [*sic*.]

> We look forward to hearing from you.

49.   Responding to defendants LoPresti, Marcovy, and Moratta's request therefor, on June 25, 2014, plaintiff advised said defendants  a "buyout number" which was significantly less than one-half the amount which defendants Marcovy, and Moratta owed to him upon their $525,110 return of capital obligation.

- 10 -

50.  By e-mail dated June 26, 2014, defendants LoPresti, Marcovy, and Moratta refused to agree to plaintiff's said "buyout number"; instead, offered to pay plaintiff "$25,000 for [plaintiff's] remaining interest in the firm"; and requested that plaintiff respond thereto

51.  On July 1, 2014, defendants LoPresti, Marcovy, and Moratta e-mailed a document styled "Dissolution of Partnership" to plaintiff.  A copy thereof is hereto annexed as Exhibit "E."

52.  In addition thereto, on July 1, 2014, defendants LoPresti, Marcovy, and Moratta filed their "Statement of Domestic Qualification (Limited Liability Partnership)"  with the Secretary of State of Ohio; thereby establishing the partnership, "LoPresti, Marcovy, and Moratta, LLP."

53.  Defendants LoPresti, Marcovy, and Moratta's  so-called notice of dissolution (o/w "Dissolution of Partnership") was unlawful and ineffective because same was not premised upon the occurrence of any of the events  specified in R.C. §1776.61.

54.  Defendants LoPresti, Marcovy, and Moratta's said attempt to dissolve the firm of Willacy, LoPresti & Marcovy was additionally unlawful because the purpose thereof was to (i) expel or otherwise involuntarily dissociate plaintiff from that firm, despite the lack of any statutory or contractual grounds therefor, in order that defendants Marcovy and Moratta might avoid their contractual obligation to pay plaintiff the remaining $525,110 return of capital amount which they owed to plaintiff; (ii) to plunder all of the assets of the firm of Willacy, LoPresti & Marcovy and convert same to their own use as partners in LoPresti, Marcovy & Moratta, LLP; (iii) through LoPresti, Marcovy & Moratta, LLP, continue the business of

- 11 -

Willacy, LoPresti & Marcovy without liquidating any of that putatively dissolved firm's assets; and (iv) avoid their statutory obligation under R.C. §1776.54(B)(1)(a) to compute the buyout value of plaintiff's interest in Willacy, LoPresti & Marcovy "based on a sale of the entire business as a going concern."

55.  By reason of the foregoing facts, plaintiff has suffered injury, damage, and harm in the amount of Five Hundred Twenty-Five Thousand, One Hundred and Ten Dollars ($525,110.00).

Count IV

56.  Plaintiff here incorporates by this reference, as fully as if the same were here rewritten at length, all of the allegations and averments set forth in numbered paragraphs 1 through 55 of his within complaint.

57.  On July 17, 2014, defendants LoPresti, Marcovy, and Marotta tendered a written offer to have Willacy, LoPresti & Marcovy pay plaintiff either of two alternative amounts which they estimated to be the buyout price.  A copy thereof is hereto annexed as Exhibit "F."

58.  In their thus tendered July 17 offer, said defendants claimed that immediate payment of either of those buyout prices was not possible for the partnership; stated two alternatives for what they proposed to be the time of payment; stated what they proposed to be the security for payment; and stated other terms and conditions of the buyout obligation.

59.  That July 17 offer was not accompanied by any statement of partnership assets and liabilities as of the date of dissociation; partnership balance sheet or income statement; written notice that either of the proposed payments would be in full satisfaction of the obligation to

- 12 -

purchase unless, within one hundred twenty days after the written notice, plaintiff commenced an action to determine the buyout price, any offsets under R.C. §1776.54(C), or other terms of the obligation to purchase; nor any explanation of the basis for said defendants' determination that immediate payment of the buyout price would cause undue hardship to Willacy, LoPresti & Marcovy's business.

60.   As a consequence of their aforesaid failure to comply with R.C. §1776.54(G), defendants LoPresti, Marcovy, and Marotta's and defendant Willacy, LoPresti & Marcovy's said conduct was arbitrary, vexatious, and not in good faith.

### Count V

61.   Plaintiff here incorporates by this reference, as fully as if the same were here rewritten at length, all of the allegations and averments set forth in numbered paragraphs 1 through 60 of his within complaint.

62.   Defendants LoPresti, Marcovy, and Moratta's aforesaid transferring of the assets of Willacy, LoPresti & Marcovy to their newly formed partnership, defendant LoPresti, Marcovy & Moratta, LLP, constituted a breach of said individual defendants' fiduciary duties of loyalty to plaintiff and to Willacy, LoPresti & Marcovy, as imposed by R.C. §1776.44(B)(1).

63.   As a result of defendants LoPresti, Marcovy, and Moratta's said breaches of their fiduciary duties, plaintiff has been injured damaged and harmed in an amount not less than One Hundred Sixty-Eight Thousand, Six Hundred and Fifty-Nine Dollars ($168,659.00).

- 13 -

**WHEREFORE** the plaintiff prays that he be granted judgment in his favor, as follows:

(a) against defendants Salvatore J. LoPresti, Thomas P. Moratta, and Timothy A. Marcovy, jointly and severally, in the amount of Nineteen Thousand, Six Hundred Fifty Dollars ($19,650.00) upon Count I of his within complaint;

(b) against defendants Salvatore J. LoPresti, Thomas P. Moratta, and Timothy A. Marcovy in the amount of Nineteen Thousand, Six Hundred Fifty Dollars ($19,650.00), together with exemplary damages in the further amount of Five Thousand Dollars ($5,000.00) upon Count II of his within complaint;

(c)  against defendants Salvatore J. LoPresti, Thomas P. Moratta, and Timothy A. Marcovy in the amount of Five Hundred Twenty-Five Thousand, One Hundred and Ten Dollars ($525,110.00) upon Count III of his within complaint;

(d) determining, as against all of the named defendants upon Count IV of his within complaint, the buyout price of plaintiff's interest in Willacy, LoPresti & Marcovy, any offset due under R.C. §1776.54(C), the amount of any accrued interest thereon, and, should this Court determine that immediate payment of the buyout price would cause undue hardship to defendant Willacy, LoPresti & Marcovy, a further determination of the security for such payment and other terms of the obligation to purchase; and

(e)  against defendants Salvatore J. LoPresti, Thomas P. Moratta, and Timothy A. Marcovy, jointly and severally, in an amount not less than One Hundred Sixty-

Eight Thousand, Six Hundred and Fifty-Nine Dollars ($168,659.00) upon Count

V of his within complaint,

together with an accounting, pre and post judgment interest, court costs, expenses and statutory

entitlements, attorney's fees, and all such other legal and equitable relief as this Court may deem

appropriate.

Respectfully Submitted,

/s/Michael P. Harvey
Michael P. Harvey, Esq.  (0039369)
MICHAEL P. HARVEY CO., L.P.A.
311 Northcliff Drive
Rocky River, Ohio  44116
Phone: 440.356.9108
Cell: 440.570.2812
Email: MPHarveyCo@aol.com
*Attorney for Aubrey B. Willacy*

## JURY DEMAND

The plaintiff Aubrey B. Willacy respectfully gives notice to all parties and counsel of

record that he requests a jury on all claims and issues so triable before a jury with the maximum

number of jurors allowed under federal law.

/s/Michael P. Harvey
Michael P. Harvey, Esq. (#0039369)
*Attorney for Aubrey B. Willacy*

- 15 -