**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Aubrey B. Willacy, | ) | CASE NO. 1:14 CV 1858 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Thomas Marotta, et al. | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Modify and Correct Arbitration Award Or, in the Alternative, to Vacate Said Award (Doc. 27); Plaintiff's Motion for an Order Directing the American Arbitration Association to Certify Its Record Upon Case No. 01-14-001-1252 to this Court (Doc. 30); and Defendants' Motion to Confirm Arbitration Award (Doc. 34). For the following reasons, plaintiff's motions are DENIED, and Defendant's Motion is GRANTED.

## FACTS

Defendants Timothy Marcovy, Thomas Marotta, and Salvatore LoPresti initiated arbitration proceedings against Plaintiff Aubrey Willacy in August of 2014. Defendants' claims

1

in the arbitration arose out of the dispute over the dissolution and winding up of the law partnership of Willacy, LoPresti and Marcovy ("WLM"), the parties' former law firm. After defendants began arbitration, plaintiff filed a complaint in this Court arising out of the same dispute. The WLM partnership agreement's provision relating to liquidation and termination of the partnership states that "[i]f the partners are unable to agree upon the method and deatails [*sic*] of liquidating the partnership business, the controversy shall be settled by arbitration in accordance with the rules of the American Arbitration Association." Based on this provision, defendants moved to stay the litigation pending the arbitration. This Court found that plaintiff's claims all arguably related to the liquidation of WLM and therefore granted the stay, "leav[ing] the final contract interpretation to the AAA arbitrator." The arbitrator issued her final decision regarding the distribution of the assets of the dissolved WLM partnership on August 14, 2015.

Plaintiff now moves to modify the arbitrator's award, arguing that the arbitrator made material miscalculations in determining the amount owed plaintiff. In the alternative, he moves to vacate the award, arguing that the arbitrator exceeded her authority in issuing the award and that the award resulted from her refusal to hear relevant and material evidence. Defendants move to confirm the award.

## JURISDICTION OVER DEFENDANTS' MOTION TO CONFIRM

In response to Defendants' motion to confirm the arbitration award, plaintiff maintains that the Court lacks jurisdiction to decide the motion. Plaintiff argues that under the Federal Arbitration Act ("FAA"), a court can only acquire jurisdiction over a non-moving, non-resident party to a confirmation proceeding if the application for confirmation was personally served upon the party "by the marshal of any district within which the adverse party may be found."

(Doc. 41 at 2378) (quoting 9 U.S.C. § 9).

Plaintiff's argument is not well-taken. Plaintiff invoked this Court's jurisdiction when it filed this action, and this Court retains jurisdiction to confirm the award. Although the Sixth Circuit has not addressed the issue, at least two other circuits have held that "a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award." *Smiga v. Dean Witter Reynolds Inc.*, 766 F.2d 698, 705 (2d Cir. 1985) (internal citations omitted); *T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272, 1279 (5th Cir. 1980). *See also Allen Group, Inc. v. Allen Deutschland GMBH*, 877 F. Supp. 295, 299 (W.D. Mich. 1994). Plaintiff has cited no cases to the contrary. The two cases that plaintiff cites are irrelevant as they did not involve a situation where the parties were already subject to the court's jurisdiction because of a prior court proceeding that had been stayed pending arbitration.[1]

Nor is plaintiff's argument that defendants failed to properly serve him with the motion to compel persuasive. In *Smiga*, the Second Circuit rejected the same argument that plaintiff now makes. Because the plaintiff in that case was a non-resident of the district within which the arbitration award was made, she contended that she should have been personally served by a marshal in accordance with 9 U.S.C. § 9. The court disagreed, holding that because the plaintiff was already subject to the court's jurisdiction by virtue of the Title VII claim that she had brought in federal court, Rule 5 of the Federal Rules of Civil Procedure superseded 9 U.S.C. § 9. Here, plaintiff was properly served according to Rule 5 when defendants timely served his

---

[1] It is also curious that plaintiff would concede that the Court has jurisdiction to decide his motion to modify or vacate the award while at the same time arguing that it lacks jurisdiction over defendants' motion to confirm.

counsel with their motion to confirm.

**ANALYSIS**

The FAA has a strong presumption in favor of confirming an arbitration award, so a court's review of an arbitrator's decision is exceedingly narrow, "one of the narrowest standards of judicial review in all of American jurisprudence." *UHL v. Komatsu Forklift Co.*, 512 F.3d 294, 305 (6th Cir. 2008) (quoting *Lottimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)). "Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept....[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL CIO v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987).

Under the FAA, once an arbitration award is made, any party to the arbitration may move to confirm the award. 9 U.S.C. § 9. The court "must grant the motion unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." *Id.* These two sections provide the "exclusive regime[]" for federal court review of an arbitrator's award. *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008) (quoting *Hall St. Assocs. V. Mattel, Inc.*, 552 U.S. 576 (2008)).

Here, plaintiff argues that the arbitration award should be either modified or vacated because the arbitrator made a number of miscalculations. He relies on 9 U.S.C. §§ 10(a)(4) and 11(a) as support. Section 11(a) states that an award may be modified "[w]here there was an evident material miscalculation of figures." Section 10(a)(4) states that an award may be

modified where the "arbitrator[] exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

The Court finds that none of the "miscalculations" that plaintiff raises are a basis for modifying or vacating the award. The Sixth Circuit has held that the type of miscalculation contemplated by the FAA "concerns a computational error in determining the total amount of an award–what the Fourth Circuit calls a "mathematical error appear[ing] on the face of the award.'" *Grain*, 551 F.3d at 378 (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998)). The error must be an "obvious numerical gaffe in computing the total award" rather than a mistake on the merits. *Id.* (holding that arbitrator's alleged error in "referee[ing] a dispute between the parties" about the start and stop dates for calculating interest was not an evident material miscalculation); *see also HBK Sorce Fin. v. Ameriprise Fin. Servs.*, 2012 WL 4505993 at * 7 (N.D. Ohio 2012) (holding that alleged error in relying on unreliable evidence and extending damages beyond the appropriate date was not an evident material miscalculation). Here, each of the miscalculations that plaintiff raises concerns a dispute on the merits and is not the type of "obvious numerical gaffe" contemplated by the FAA.

Plaintiff first argues that the arbitrator miscalculated the parties' percentages of ownership in WLM. The arbitrator expressly based her calculation of the parties' ownership percentages on her interpretation of their partnership agreement.[2] (Award at 21) ("The Arbitrator agrees with Claimants that the declining value of the firm, as calculated by the method *agreed to by the parties in the 2010 Amendment* must be taken into account when determining

---

[2] Where the Court refers to the parties' "partnership agreement," such references include the partnership agreement as well as its later amendments.

5

[Respondent's ownership interest].") (emphasis added). In so doing, she rejected the plaintiff's argument about the percentage of ownership that he claimed he was entitled to. His current motion is simply a disguised effort to revive the arguments he raised before the arbitrator.

Plaintiff next claims that the arbitrator miscalculated the value of the firm's capital. In determining WLM's valuation, the arbitrator rejected the opinion of the plaintiff's expert, whom she found offered "no insight into the proper valuation of the firm at dissolution," and that the expert's opinions were "not based upon...the application of generally accepted accounting procedures." (Award at 15). She also rejected plaintiff's argument that the formula used in the parties' partnership agreement regarding a retiring partner's interest in the firm was relevant to determining the amount of distribution owed to the partners. (*Id.* at 14). She instead relied on the valuation provided by defendants' expert, whom she found to be "qualified and competent." (*Id.* at 15). Again, plaintiff's current motion asks this court to find that the arbitrator erred in refereeing a dispute between the parties on the merits; it does not ask the court to correct an obvious miscalculation.

Similarly, plaintiffs argument that the arbitrator miscalculated the amount of "half-draw" payments owed to him is a merits-based argument. The arbitrator expressly relied on the parties' partnership agreement in determining that the plaintiff was, in fact, owed an amount in half-draws. (Award at 22) ("The parties' agreement clearly requires that the partnership shall pay a retiring party one half of the amount paid to the non-retiring partners.") And she relied on the evidence before her in calculating the amount that plaintiff was owed. She did not make any evident computational errors in determining that amount; plaintiff simply argues that she relied on the wrong evidence.

Plaintiff's argument that the arbitrator erred in determining the defendants' distributive shares of WLM's capital is premised on his argument that the firm never actually liquidated or terminated because defendants "unilaterally seized, have retained, and continue to use all of that business's clientele and property in their new law firm." (Doc. 27 at 367). In holding that the dispute at issue was subject to the arbitration provision in the parties' agreement, the arbitrator concluded that the firm had dissolved. (Arbitrator's Opinion on Respondent's Motion to Dismiss at 4). She reached this conclusion "[b]ased on the parties' arguments and the various exhibits submitted." (*Id.*) Plaintiff's current motion is again a disguised effort to renew this merits-based argument, which has nothing to do with an evident material miscalculation.

Plaintiff next argues that the arbitrator should have added the amount of the half-draws owed to him to the assets of the firm to be distributed, rather than subtracted it as part of the firm's debt. Defendants argue that plaintiff provided no expert testimony to support this argument before the arbitrator and never advocated for this formula in the arbitration proceedings. Although plaintiff states in his reply brief that this is a "false assertion," he does not provide any evidence showing that the arbitrator had this argument before her or any evidence on which she could have concluded that the half-draws owed to plaintiff should have been added as assets of the firm. Again, plaintiff has not demonstrated how this is a miscalculation evident on the face of the award.

Finally, plaintiff contends that the arbitrator miscalculated the amount of plaintiff's obligation for fees.[3] In her award, the arbitrator concluded that "[t]he administrative filing fees of

---

[3] In his motion, plaintiff appears to argue that he should not have had to pay *any* fees because defendants filed the arbitration claim. Defendants, however, point out that plaintiff submitted a counterclaim and presented evidence on the

7

the AAA totaling $1,275.00 and the compensation of the Arbitrator totaling $31,710.00 shall be borne equally by the parties. Therefore, Respondent is directed to pay Claimants the sum of $637.50 for his share of the AAA filing fees in this matter." Under the AAA rules, the arbitrator had the authority to "apportion...fees, expenses, and compensation among the parties in such amounts as [she] determine[d] [was] appropriate." AAA Commercial Arbitration Rule 47(c). Plaintiff contends that because there were four "parties" to the arbitration (himself and the three defendants), his share of the fees and compensation should have been one-fourth. It is obvious from the arbitrator's award, however, that she decided–as she was authorized to do–that the fees and compensation should be apportioned equally to each *side* of the litigation. As such, plaintiff's obligation was one-half. This is not a material miscalculation.

Thus, plaintiff has failed to show that the arbitration award should be modified or vacated pursuant to either 9 U.S.C. § 10(a)(4) or 11(a) because of any evident material miscalculations by the arbitrator.

Plaintiff's last argument is that the arbitration award should be vacated under 9 U.S.C.§ 10(a)(3), which provides that an award may be vacated "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." He claims that the arbitrator's refusal to issue a subpoena to Linda Lavdas, WLM's office manager, constituted the type of misconduct contemplated in this section. According to plaintiff, Lavdas would have provided testimony

---

counterclaim at the hearing, although he never paid the filing for it. In his reply, plaintiff does not pursue the argument that he has no obligation for fees but instead focuses exclusively on the amount of his obligation for his fees.

regarding defendants' squandering of WLM's funds when its cash flow was tight; the identity of the person who instructed Lavdas to stop issuing "half-draw" checks to plaintiff; the accuracy of the financial records that she kept for WLM; and whether defendants' experts' reports addressed the entirety of WLM's chattels.

At a pre-hearing conference on February 2, 2015, the arbitrator granted plaintiff leave to take Lavdas's and three other depositions and ordered that the depositions be completed by April 30, 2015. Plaintiff did not request any depositions by this date. At a second pre-hearing conference on May 4, 2015, the arbitrator granted plaintiff permission to take one of the four depositions that he had originally sought. Again, plaintiff did not schedule any depositions. Instead, on May 12, 2015, he requested that a subpoena be issued to defendants and Lavdas, requiring them to bring certain documents to the hearing. Defendants objected, and the arbitrator denied the request for Lavdas's as well as the defendants' subpoenas:

> Respondent's request for arbitration subpoenas to Linda Lavdas and the individual claimants is denied. The requests are clearly dilatory as the discovery cutoff was April 30, 2015 and the Respondent did not timely object to Claimants' production of documents or indicate the production was incomplete. Furthermore, Respondent did not even address the timeliness issue in his Memorandum Contra to the Claimant's objection.

(Arbitrator's Opinion on Respondent's Request for Subpoenas at 1).

Because "[a]rbitrators are not bound by formal rules of procedure and evidence," the question under Section 10(a)(3) is simply "whether a party to arbitration has been denied a fundamentally fair hearing." *National Post Office Mailhandlers v. United States Postal Serv.*, 751 F.2d 834, 841 (6th Cir. 1985). Plaintiff has failed to show that the arbitrator's refusal to issue a subpoena to Lavdas deprived him of a fundamentally fair hearing. The arbitrator was well within her discretion to deny plaintiff's dilatory request. Moreover, plaintiff had an opportunity

9

at the arbitration hearing to present evidence addressing the same issues that he claimed Lavdas would have testified about. Therefore, the arbitrator's decision to deny the subpoena does not amount to misconduct and does not warrant vacating the award.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Confirm Arbitration Award (Doc. 34) is GRANTED, and Plaintiff's Motion to Modify and Correct Arbitration Award Or, in the Alternative, to Vacate Said Award (Doc. 27) is DENIED. Plaintiff's Motion for an Order Directing the American Arbitration Association to Certify Its Record Upon Case No. 01-14-001-1252 to this Court (Doc. 30) is DENIED as moot. Plaintiff's Motion for Leave to File Supplemental Citation of Authority *Instanter* is GRANTED.[4]

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/22/16

---

[4] On November 6, 2015, plaintiff filed a Motion to Dissolve Stay of Proceedings (Doc. 24) and a Motion for Leave to File Second Amended Complaint (Doc. 25). This Court denied both of these motions on December 1, 2015, as premature because it had not yet ruled on whether the arbitration award should be confirmed. At this point in the litigation–seventeen months after the case was initiated, after the plaintiff had a full and fair opportunity for his claims to be heard in arbitration, and after this Court has confirmed the arbitration award–the Court finds that it would be extremely prejudicial to defendants to allow plaintiff to assert new claims. Thus, plaintiff's Motion for Leave to File Second Amended Complaint is denied, and his Motion to Dissolve Stay of Proceedings is denied as moot.