**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Aubrey B. Willacy,** | ) | **CASE NO. 1:14 CV 1858** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Thomas Marotta, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon Plaintiff's Motions for Relief from the Judgment Entered on January 22, 2016, and to Alter, Amend, and Correct Said Judgment (Doc. 47); Plaintiff's Motion to Amend and Correct the Memorandum of Opinion and Order Entered on January 22, 2016 (Doc. 50). For the following reasons, plaintiff's motions are DENIED.[1]

**BACKGROUND**

Defendants Timothy Marcovy, Thomas Marotta, and Salvatore LoPresti initiated arbitration proceedings against Plaintiff Aubrey Willacy in August of 2014. Defendants' claims in the arbitration arose out of the dispute over the dissolution and winding up of the law

---

1 Familiarity with the previous orders in this case is assumed.

partnership of Willacy, LoPresti and Marcovy ("WLM"), the parties' former law firm. After defendants began arbitration, plaintiff filed a complaint in this Court against LoPresti, Marcovy, Thomas Marotta, WLM, and LoPresti, Marcovy & Marotta LLP.[2] Defendants moved to dismiss the complaint because there was not complete diversity with WLM and because the parties' partnership agreement required the claims to be arbitrated.

Plaintiff then filed an amended complaint raising eight claims: breach of contract relating to defendants' failure to pay plaintiff half draws, conversion regarding the half draws, unlawful dissolution of WLM, failure to calculate a buyout price for plaintiff in good faith, RICO, breach of fiduciary duty, breach of obligations on an account stated, and a claim for a declaratory judgment. Shortly thereafter, plaintiff voluntarily dismissed the RICO claim. Defendants filed a motion to dismiss the amended complaint, arguing that the parties had agreed to arbitrate the dispute.

On December 22, 2014, this Court determined that WLM was a dispensable party and dismissed it from the case. It then found that all of plaintiff's claims were arguably related to the arbitration provision in the WLM partnership agreement[3] and stayed the case pending arbitration. Specifically, the Court held:

> [A]fter examining plaintiff's claims, ... the Court finds that they are all arguably related to the liquidation of WLM. Plaintiff contends that his claims for half draws are issues which arose before the dissolution of WLM, and have nothing to

---

[2] LoPresti, Marcovy & Marotta LLP is the law firm that the individual defendants formed after the dissolution of WLM.

[3] This provision states: "If the partners are unable to agree upon the method and details of liquidating the partnership business, the controversy shall be settled by arbitration in accordance with the rules of the American Arbitration Association."

> do with the liquidation of the partnership. The Court disagrees. The gravamen of plaintiff's claims is a dispute about what compensation plaintiff is entitled to for his interest in WLM. Resolution of this dispute is at least arguably related to the 'methods and details of liquidating the partnership business.' Plaintiff's other claims, including unfair dissolution of WLM and failure to provide a fair buyout price and a statement of partnership assets, arguably state claims related to the liquidation of WLM.

Before the arbitrator, plaintiff moved to dismiss the arbitration, arguing that the arbitrator did not have jurisdiction because the nature of the dispute did not relate to the "methods and details of liquidating the partnership business." The arbitrator denied the motion to dismiss, reasoning that, "[b]ased on the parties' arguments and the various exhibits submitted in the briefs," the parties' disagreement related to the liquidation of the partnership. Further, she informed plaintiff that if he "disagrees with the Claimant's calculations of the amount due to Respondent, then Respondent should file a counterclaim." Plaintiff then filed an Amended Answer and Counterclaim in the arbitration that incorporated and attached his Amended Complaint in this action.

Plaintiff failed to pay the required filing fee for his counterclaims, so the AAA ruled that he had not properly filed them and that they would not be heard. Nevertheless, during the hearing, plaintiff presented evidence on at least some of his counterclaims, including his claims regarding half draws. Indeed, the arbitrator awarded plaintiff $16,150 for half draws in her ruling. Moreover, she held that "[t]his Award is in full settlement of all claims *and counterclaims* submitted in this arbitration. All claims not expressly granted are hereby denied." (Arbitration Award at 25) (emphasis added).

Thereafter, plaintiff filed with this Court a Motion for Leave to File Second Amended Complaint "to reinstate his previously dismissed 'civil RICO' claim and to clarify, make more

specific, and otherwise refine all of his claims against the defendants." He also filed a Motion to Lift Stay of Proceedings, and a Motion to Vacate, Modify, or Correct the Arbitration Award. In his Motion to Vacate, plaintiff argued, among other things, that the arbitrator erred in calculating the parties' percentages of ownership in WLM, the value of the firm's capital, the amount of half draws payments owed him, the defendants' distributive shares of WLM's capital, and the amount of plaintiff's obligation for fees. Defendants filed a Motion to Confirm Arbitration Award.

On January 22, 2016, this Court granted defendants' Motion to Confirm Arbitration Award and denied all of plaintiff's motions. It also issued a judgment entry on the same date, stating: "This Court, having GRANTED Defendants' Motion to Confirm Arbitration Award ... hereby enters judgment in favor of defendants and against plaintiff."

In his current motions, plaintiff now argues that the Court made a number of errors in its January 22, 2016 Order and Judgment Entry. The Court will address each of plaintiff's arguments in turn.

## ANALYSIS

### 1. Judgment entry

Plaintiff first takes issue with this Court's judgment entry stating that judgment was entered in favor of Defendants and against Plaintiff. He contends that this statement negated the "Court's obvious intention" of confirming the arbitration award, which awarded a total of $41,281.10 to plaintiff. He also notes that, as a result of this statement, the Court failed to direct "(i) that interest accrue and be paid upon the amount which the Arbitrator awarded to Plaintiff and (ii) that costs be awarded to Plaintiff as the prevailing party under the Court's judgment which confirmed the Arbitrator's award." He asks that the Court amend the judgment entry "by

vacat[ing] that part ... which recites that it is 'in favor of Defendants and against Plaintiff,' [and] causing it to read that judgment is granted in favor of Plaintiff in the dollar amount of $41,281.50, which the Arbitrator found to be due and owing to him in her award."

The Court declines to amend the judgment entry to state that plaintiff was the prevailing party in the litigation in this Court. In construing the term "prevailing party," the Supreme Court has explained that "[a] prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 791-92 (1989) (construing 42 U.S..C. § 1988). Here, as the Court found in its December 22, 2014 Order, "[t]he gravamen of [this case] is a dispute about what compensation plaintiff is entitled to for his interest in WLM." Before the arbitrator, plaintiff contended that the value of his share of the firm was over $500,000. The arbitrator disagreed with most of the arguments that plaintiff raised in the arbitration. She determined that, after payments to plaintiff for half draws in the amount of $16,150 and return of his capital contribution in the amount of $20,800, plaintiff was owed $13,124.41. Thus, it is clear that plaintiff did not succeed on his claim regarding the amount of compensation he was entitled to for his interest in WLM.

It is obvious from plaintiff's own motion to vacate or modify the arbitration award and his opposition to defendants' motion to confirm the award that he did not believe he was the "prevailing party" in the arbitration. Indeed, as noted above, plaintiff argued in his motion that the arbitrator made numerous errors in calculating the amount he was due and asked this Court to vacate the award as a result.

Moreover, plaintiff has not been the prevailing party in the litigation before this Court. The Court granted defendant's motion to stay the litigation pending arbitration over plaintiff's

objections, denied plaintiff's motion to vacate or amend the arbitrator's award, and granted the defendants' motion to confirm the arbitration award. The Court thus fails to see how plaintiff has prevailed, nor has plaintiff cited to a single case where a party in a similar situation was deemed the prevailing party for purposes of district court litigation.[4]

The Court also finds it unnecessary to amend the judgment entry to read that "judgment is granted in favor of Plaintiff in the dollar amount of $41,281.50, which the Arbitrator found to be due and owing to him in her award." The Court's January 22 Order is clear that the Court intended to confirm the arbitrator's award, which includes the $41,281.50 to plaintiff, and the judgment entry reiterates that the Court confirmed the award. No clarification is necessary.

**2. Plaintiffs' tort claims and second amended complaint**

Next, plaintiff argues that the arbitrator did not adjudicate any claims against LoPresti, Marcovy, and Marotta LLP or any of plaintiff's tort claims against the individual defendants. He asks this Court for either "(i) a Rule 54(b), 'no just reason for delay' certification" to the judgment entry or "(ii) a pronouncement that all of plaintiff's claims against defendant LoPresti, Marcovy, and Marotta, LLP, and those of plaintiff's claims against the individual defendants .... which sound in tort still remain pending and undetermined in this case."

Plaintiffs' tort claims, including those against LoPresti, Marcovy, and Marotta LLP, are barred by res judicata. Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1797) (citations omitted). For res judicata to apply, the following elements

---

4 As defendants note, because they were the prevailing party in the litigation before this Court, they are entitled to an award of costs under Fed. R. Civ. P. 54(d)(1).

must be present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quotations omitted). Each of these elements is met here.

First, a judgment confirming an arbitral award "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action." 9 U.S.C. § 13. Thus, when a federal district court confirms an arbitration award, "that judgment has res judicata effect as to all matters adjudicated by the arbitrators and embodied in their award." *FleetBoston Fin. Corp. v. Alt*, 638 F.3d 70, 80-81 (1st Cir. 2011). Here, this Court has confirmed the arbitration award; thus the first element is satisfied.

Second, plaintiff's tort claims are issues that either were litigated or *should have been* litigated in the arbitration. According to plaintiff, the arbitration award is not preclusive because the parties stipulated that the only issue before the arbitrator was "the amount of the distribution to the WLM partners following the dissolution and winding up of the firm." Plaintiff argues that his conversion and breach of fiduciary duty claims do not fall within this stipulation and therefore the arbitrator did not adjudicate all of the claims in the case. The Court disagrees. Over similar objections to the ones that plaintiff now raises, this Court determined that *all* of plaintiff's claims in the First Amended Complaint were arguably related to the arbitration provision but left the final contract interpretation to the arbitrator. After the arbitrator rejected plaintiff's argument that she lacked jurisdiction over the arbitration, plaintiff filed his counterclaims. In doing so, he sought to bring the exact same claims against defendants that he

brought in his First Amended Complaint–indeed, he filed his First Amended Complaint as a counterclaim in the arbitration. In reaching her decision, the arbitrator noted that the award constituted a "full settlement of all claims and counterclaims submitted in this arbitration [and that] [a]ll claims not expressly granted are hereby denied." To the extent that the arbitrator did not adjudicate plaintiff's tort claims, it is plaintiff's fault for failing to pay the filing fee for his counterclaims. Plaintiff can hardly deprive the arbitrator of the opportunity to adjudicate his tort claims–which this Court determined were arguably arbitrable–and then come back to this Court asking for an order that the tort claims remain pending because the arbitrator did not adjudicate them.

Third, the causes of action that plaintiff now seeks to bring are identical to the ones that he brought in the arbitration. As noted, he filed his First Amended Complaint as a counterclaim in the arbitration.

Finally, this case involves a subsequent action between the same parties or their privies. The individual defendants were all defendants in the arbitration proceeding. While the arbitrator did not entertain jurisdiction over LoPresti, Marcovy, and Marotta, LLP, defendants' new firm is so closely related to the individual defendants that a claim against the firm would essentially repeat the claims against the individual defendants. *See Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 42 (6th Cir. 1991); *FleetBoston Fin. Corp.*, 638 F.3d at 81 ("We, along with other circuits, have long held that [res judicata] applies if the new defendant is 'closely related to a defendant from the original action–who was not named in the previous law suit,' not merely when the two defendants are in privity.")

Plaintiff had a full and fair opportunity to adjudicate his tort claims before the arbitrator.

That he chose not to is not a reason to allow him to litigate those claims before this Court. Therefore, the Court will not issue a 54(b) certification or issue a pronouncement that plaintiff's tort claims remain pending.

**3. Pre-judgment interest**

Plaintiff asks this Court to amend the January 22, 2016 Order to award him pre-judgment interest. The arbitrator had the authority to include an award of pre-judgment interest, but she did not. Indeed, plaintiff did not ask the arbitrator to award interest–in either his hearing briefs or in any post-award brief. Nor did he ask that this Court to award pre-judgment interest in his motion to modify, correct, or vacate the arbitration award.

When an arbitrator does not grant pre-judgment interest, a district court has the discretion to award such interest, but is not compelled to do so. *Dealer Computer Servs. v. Dale Spradley Motors, Inc.*, 2012 WL 72284 (E.D. Mich. Jan. 10, 2012). Given plaintiff's very dilatory request in seeking pre-judgment interest, the Court declines to exercise its discretion to award any.

**4. Plaintiff's Rule 52(b) request**

Pursuant to Fed. R. Civ. P. 52(b), plaintiff asks that the Court amend and correct "that part of footnote 4 in the [January 22] Opinion and Order...which states: (i) 'plaintiff had a full and fair opportunity for his claims to be heard in arbitration' and that 'it would be extremely prejudicial to defendants to allow plaintiff to assert new claims.'" The Court declines to amend its Order. As discussed above, plaintiff had a full and fair opportunity for his tort claims to be heard in arbitration. Moreover, it would be extremely prejudicial to defendants to allow plaintiff to assert any new claims at this stage of the litigation–including the RICO claim that he voluntarily dismissed prior to arbitration and then sought leave to reassert in his Second

Amended Complaint after the arbitration proceedings had concluded.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motions for Relief from the Judgment Entered on January 22, 2016, and to Alter, Amend, and Correct Said Judgment (Doc. 47) and Plaintiff's Motion to Amend and Correct the Memorandum of Opinion and Order Entered on January 22, 2016 (Doc. 50) are denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/11/16